SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART   7810-0
735 Bishop Street, Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Fax. 1 (866) 772-9407
Email: showalaw@hawaii-bengoshi.com

Attorney for Plaintiff
JESSIE ELLINGTON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JESSIE ELLINGTON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED AIRLINES, INC., a Delaware Corporation; DOE DEFENDANTS 1-20; DOE CORPORATIE ENTITIES 1-20,<br><br>　　　　　Defendants. | Civil No. 20-438<br><br>COMPLAINT; SUMMONS; DEMAND FOR JURY TRIAL |

## COMPLAINT

Comes now Plaintiff, JESSIE ELLINGTON, by and through her attorney, SHOWA LAW OFFICE, LLLC, and hereby files this Complaint, and alleges and avers the following causes of action against Defendant UNITED AIRLINES, INC; DOE DEFENDANTS 1

-20; and DOE CORPORATE ENTITIES 1-20 (hereinafter collectively "Defendants").

## THE PARTIES

1. Plaintiff JESSIE ELLINGTON ("Plaintiff") is and was at all times relevant a resident of the State Hawaii and was employed by United Airlines, Inc. since November 19, 2017.

2. Defendant United Airlines, Inc. ("Defendant United") is and was at all times relevant a corporation incorporated in the State of Delaware and is a commercial air carrier with its principal place of business in Chicago Illinois.

3. DOE DEFENDANTS 1 – 20 and DOE CORPORATE ENTITIES 1 - 20 (collectively referred to herein as "DOE DEFENDANTS" or "other presently unidentified Defendants) are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with Defendants or were the agents, principals, partners, officers, directors, members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or

licensors of Defendants or were in some manner presently unknown to Plaintiff, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiff, or conducted some activity or activities in a negligent or wrongful manner which was a proximate cause of the injuries and damages to Plaintiff, and Plaintiff prays for leave to certify the true names, identities, capacities, activities, and responsibilities of DOE DEFENDANTS when the same are ascertained.

## JURISDICTIONAL STATEMENT

4. This Honorable Court has jurisdiction over the subject matter of the within action pursuant to federal question jurisdiction (28 U.S.C. Section 1331).

5. This Honorable Court has jurisdiction over the subject matter of the within action pursuant to federal diversity jurisdiction (28 U.S.C. Sections 1332), as the amount in controversy is in excess of $75,000.

6. This Honorable Court has subject matter jurisdiction over the related state law claims pursuant to supplemental jurisdiction (28 U.S.C. Section 1367).

7. Venue is appropriate in the District Court of the District of Hawaii pursuant to 28 U.S.C. Section 1391.

## FACTUAL ALLEGATIONS

8. Plaintiff began working as a customer service representative for Defendant United in Kailua-Kona, Hawaii, on or about November 17, 2017.

9. Approximately between January 1, 2018 and December 20, 2019, Plaintiff personally witnessed Joel Carlos sexually harass other United employees, employees of other airlines, as well as airline passengers, with at least fifty (50) of these incidents occurring between November 1, 2018 and December 20, 2019, including but not limited to, Carlos grabbing Doreen Solomon's buttocks on no less than five (5) occasions and Carlos touching, rubbing, kissing, and cuddling Keisha Quiocho.

10. On November 19, 2018, Plaintiff informed her supervisor, Charlene Goo, about Carlos's sexual harassment of United employees, employees of other airlines, as well as airline passengers.

11. Despite the open and notorious nature of the hostile work environment Carlos created at the Kona Airport, Defendant United took no corrective action and Carlos's sexually harassing

behavior towards other United employees, employees of other airlines, as well as airline passengers, was allowed to persist openly.

12. On or about September 25, 2019, Plaintiff filed a gender discrimination complaint against her co-worker, Shanelle Inman, for incidents which took place between May 13, 2018 and December 2019, which, included, but was not limited to, Inman's comment to Plaintiff that she was glad that Plaintiff had experienced a miscarriage.

13. On or about October 16, 2019, Plaintiff was called into her supervisor's office for a meeting with David Pigozzi, HR personnel for Defendant United.

14. During the meeting with Pigozzi, Plaintiff recounted the incidents of sexual harassment that Carlos engaged in, which Pigozzi acknowledged he was already aware of.

15. During the meeting with Pigozzi, Pigozzi informed Plaintiff that he "really liked Joel [Carlos]."

16. On or about November 26, 2019, Plaintiff received an email from Molly Driscoll, an investigator employed by Defendant United, who informed Plaintiff that she would be coming to Kona on December 3, 2019 to meet with Plaintiff.

17. On or about December 3, 2019, Plaintiff met with Pigozzi and Driscoll in a conference room at the Kona Airport.

18. As neither Pigozzi nor Driscoll informed Plaintiff what the meeting was about, Plaintiff assumed it was regarding the complaint she filed against Inman on or about September 5, 2019.

19. However, Plaintiff later discovered that the meeting was concerning Inman's sexual harassment complaint against Carlos and Defendant United.

20. During said meeting, Pigozzi and Driscoll asked Plaintiff about Carolos's sexually harassing behavior towards other United employees, employees of other airlines, as well as airline passengers, which Plaintiff recounted to Pigozzi and Driscoll.

21. On December 20, 2019, Defendant United suspended Plaintiff's employment.

22. On or about March 23, 2020, Defendant United terminated Plaintiff's employment.

23. On April 15, 2020, Plaintiff filed a charge against Defendant United with the U.S. Equal Employment Opportunity

Commission alleging, among other things, Inman's discriminatory conduct towards Plaintiff.

24. On August 11, 2020, the U.S. Equal Employment Opportunity Commission issued Plaintiff a Right-to-Sue Letter arising out of her charge of discrimination, dated April 15, 2020.

## COUNT I

## UNLAWFUL DISCRIMINATION IN VIOLATION OF HRS SECTION 378-2

25. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

26. Defendant United subjected Plaintiff to unlawful discrimination in violation of Hawaii Revised Statutes, Section 378-2 by failing to rectify the open and notorious sexually hostile environment created by Carlos's conduct towards other United employees, employees of other airlines, as well as airline passengers

27. As a result of the unlawful discrimination and harassment Plaintiff was subjected to by Defendant United, Plaintiff has incurred damages in amounts to be proven at trial.

## COUNT II

## UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S. CODE § 2000E–2

28. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

29. On September 5, 2019, Plaintiff filed a gender discrimination/harassment complaint with Defendant United against Inman, for among other things, Inman's comment to Plaintiff that she was glad that Plaintiff had experienced a miscarriage.

30. On December 20, 2019, Defendant United suspended Plaintiff's employment.

31. On or about March 23, 2020, Defendant United terminated Plaintiff's employment.

32. Defendant United's suspension and termination of Plaintiff constituted unlawful retaliation by Defendant United in response to Plaintiff's gender discrimination/harassment complaint of September 5, 2019.

## COUNT III

## UNLAWFUL RETALIATION IN VIOLATION OF HRS SECTION 378-2

33. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

34. On September 5, 2019, Plaintiff filed a gender discrimination/harassment complaint with Defendant United against Inman, for among other things, Inman's comment to Plaintiff that she was glad that Plaintiff had experienced a miscarriage.

35. On or about October 16, 2019, during a meeting, Plaintiff recounted Inman's harassing conduct towards her, to Pigozzi.

36. On or about December 3, 2019, Plaintiff recounted Carlos's sexually harassing behavior towards other United employees, employees of other airlines, as well as airline passengers, to Pigozzi and Driscoll.

37. On December 20, 2019, Defendant United suspended Plaintiff's employment.

38. On or about March 23, 2020, Defendant United terminated Plaintiff's employment.

39. Defendant United's suspension and termination of Plaintiff constituted unlawful retaliation by Defendant United in response to Plaintiff's gender discrimination/harassment complaint of September 5, 2019, October 16, 2019, and December 3, 2019.

40. As a result of the above-described unlawful suspension and discharge and/or discrimination Plaintiff was subjected to by Defendant United, Plaintiff has incurred damages in amounts to be proven at trial.

## COUNT IV

## VIOLATION OF HRS SECTION 378-62

## (HAWAII WHISTLE-BLOWER PROTECTION ACT)

41. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

42. On or about October 16, 2019, as part of an investigation into a sexual harassment claim filed by a co-worker against Carlos, Plaintiff recounted Carlos's sexually harassing conduct towards Inman, to Pigozzi.

43. On or about December 3, 2019, as part of an investigation into a sexual harassment claim filed by a co-worker against Carlos, Plaintiff recounted Carlos's sexually harassing

behavior towards other United employees, employees of other airlines, as well as airline passengers, to Pigozzi and Driscoll.

44. On December 20, 2019, Defendant United suspended Plaintiff's employment.

45. On or about March 23, 2020, Defendant United terminated Plaintiff's employment.

46. Defendant United's suspension and subsequent discharge of Plaintiff was discriminatory and done in retaliation for Plaintiff's cooperation with an on-going sexual harassment investigation and violated Hawaii's Whistle-Blower Protection Act.

47. As a result of the above-described unlawful discrimination, suspension, and discharge Plaintiffs were subjected to by Defendant United, in violation of Hawaii Revied Statute, Section 378-62, Plaintiff incurred damages in amounts to be proven at trial.

## COUNT IV

## UNLAWFUL TERMINATION IN CONTRAVENTION OF PUBLIC POLICY

48. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

49. Defendant United's suspension and termination of Plaintiff, as retaliation for Plaintiff participating in Defendant United's investigation into Inman's sexual harassment complaint against Carlos, constituted unlawful termination in contravention of Hawaii's public policy, which encourages employees to cooperate in sexual harassment and other workplace discrimination investigations to ensure a safe and discrimination-free workplace for employees.

50. As a result of the unlawful termination described above, Plaintiffs have incurred damages in amounts to be proven at trial.

**PUNITIVE DAMAGES**

51. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

52. By engaging in the above-described actions, Defendants acted wantonly or oppressively, or with such malice, as implies a spirit of mischief or criminal indifference to civil obligations or with that entire want of care which would raise the presumption of a conscious indifference to consequences.

53. As a result of Defendants' aforementioned conduct, Plaintiff is entitled to punitive damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor against all Defendants as follows:

A. For judgment in its favor on each and every count as alleged against the Defendants claimed herein, and presently unidentified Defendants, jointly and/or severally, in the type of relief or amount of damage set forth therein of for such amount as may be proven at trial.

B. For special damages against Defendants and presently unidentified Defendants, and each of them, jointly and severally, in an amount to be proven at trial, including but not limited to, back pay and front pay.

C. Plaintiff be awarded further special, general, and/or consequential damages.

D. Punitive damages as may be proven at trial.

E. Plaintiff be awarded all costs of suit, including reasonable attorney's fees and costs, interest, all costs of

investigation, and such other and further relief as the Court deems equitable in the premises.

DATED:   Honolulu, Hawaii, October 12, 2020.

*/s/ Andrew Daisuke Stewart*

_____
ANDREW DAISUKE STEWART
SHOWA LAW OFFICE, LLLC

Attorney for Plaintiff
JESSIE ELLINGTON